[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR FURTHER CONSIDERATION (#129.00)
The plaintiffs Mary Wood et al. moved the court to consider certain events all as set forth in 13 consecutively numbered paragraphs dated November 30, 1995 and filed on December 6, 1995. The motion requests that the court grant them a hearing to argue this motion so they can proceed to a full trial at a subsequent date. This court granted the motion to allow a hearing. This court denies the request for a full trial at a subsequent date.
The sum and substance of the motion for further consideration is that the parties did not understand that the hearings on September 19 and September 22, 1995 were not just a hearing on the temporary restraining order, but were a trial of the case-in-chief.
It is clear from the transcript of the proceedings of July 24, 1995 that Mr. Gazin represented the plaintiffs at the hearing. Attorney Meerbergen represented the Greenwich Planning and Zoning Board, and Attorney Ronan was the attorney for the Greenwich Hospital. Mr. Meerbergen addressed the court as follows:
 "Subject to the court's approval, your Honor, we have agreed to a scheduling — scheduling orders, and we will also combine the temporary and permanent injunctions together subject to the court's approval, therein assisting the court in judicial economy." (Transcript, page 4).
It is also clear that in consideration of that agreement on the record, a continuance of the proceedings was obtained by the plaintiffs, and there was further agreement as set forth as follows:
 ". . . the hospital has agreed, your Honor, as part of the stipulation that it will not do any site work until September 19, 1995 which is the day after the temporary CT Page 1229 and permanent injunction are going to be heard together, your Honor." (Transcript, page 6).
Mr. Meerbergen replies:
 ". . . and I believe I have consulted with attorneys, and they've talked to their clients, and they're in agreement." (Id.).
Mr. Gazin was in court during the proceedings when the court says:
 "All right. Very well, these scheduling orders are accepted and will put it down for September 18." Mr. Gazin replies, "Thank you, your Honor." (Transcript, page 8).
It is clear to this court from a reading of that transcript that Mr. Gazin, as plaintiff's counsel, acquiesced in all of the agreements, including the merger of the temporary and permanent injunctions into one hearing. In consideration, the plaintiffs received a 30 day continuance from the July 24, 1995 proceedings and an agreement that the hospital would not begin construction until September 19, 1995 at the earliest. The court finds that paragraphs three, four, five, six, nine, and eleven of the motion have not been proven by a fair preponderance of the evidence.
In fact, this court finds that Mr. Gazin indicated that he was engaged in discussions with his clients and their representatives. He told them the conditions of the agreement, and they agreed to them. It was Mr. Gazin's understanding that there was complete and unambiguous approval by his clients. He then reported that settlement to the attorney for the town, Mr. Meerbergen. Mr. Gazin told all of his people, Mr. Brink, Mr. Taylor, and Mr. Landers, about this and all agreed.
Mr. Meerbergen testified how Mr. Gazin shuttled between the parties and himself discussing this matter. The court finds that Mr. Gazin had full authority to enter into this agreement. Mr. Taylor, the representative of Mary Wood, said that he was in court. Also, he testified he knew of the agreement for consolidation before the appeal was heard by this court on the 19th and 22nd of September. Attorney Altham told the plaintiffs on or before the 22nd that they had their trial-in-chief. They knew this prior to the conclusion of the proceedings yet no motion was made. CT Page 1230 Attorney Gazin testified that his clients enthusiastically accepted the agreement on July 24, 1995 and all of its details.
This court has reviewed the exhibits introduced at trial. It is clear that Exhibit A, a letter from Attorney Ronan, was sent to Folger Brink who was present during the hearing on the motion for further consideration but did not testify. In that letter, it spells out the fact that Mr. Gazin agreed to consolidate the application for temporary injunction with the full hearing on the merits. Therefore, Mr. Brink received this notification well before the September proceedings.
Exhibit B is a letter from Mr. Gazin to Folger Brink dated August 8, 1995. It is clear from that letter that Mr. Gazin advised them that experts had to be obtained and retained immediately. The court finds Exhibit C to evidence that on August 7, 1995, Attorney Folger Brink was taking the position that no additional testimony was needed since it was an administrative appeal.
This court conducted a full hearing on December 15th and 19th and heard evidence concerning the Motion For Further Consideration and received exhibits and testimony on which it based its decision. For all of the foregoing reasons, the Motion For Further Consideration is denied and the relief sought therein is denied.
KARAZIN, J.